UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24170-CIV-WILLIAMS/SIMONTON

PHYLLIS MUSCATELLO,

    Plaintiff,

v.

GRAND COURT LAKES
MANAGEMENT, LLC, *et al.*,

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO COMPEL AND FOR MONETARY SANCTIONS, AND DENYING REQUEST TO DISMISS CASE

This matter comes before the Court on Defendant's Combined Motion to Compel and for Sanctions, ECF No. [17].  The Honorable Kathleen M. Williams, United States District Judge, has referred all discovery matters to the undersigned Magistrate Judge, ECF Nos. [14] [19].  In the motion, Defendant Grand Court Lakes Management seeks an Order compelling Plaintiff to respond or provide better responses to discovery requests (First Interrogatories, First Request for Admissions and First Request for Production, ECF No. [17-1]), and entering sanctions against Plaintiff for obstructing discovery and engaging in vexatious litigation tactics.  The Court also considered Plaintiff's Response, ECF No. [21] and Defendant's Reply, ECF. No. [22].  A hearing on the motion was held on June 25, 2014.  For the reasons stated on the record at the hearing, and summarized below, the Court will grant Defendant's motion and sanction Plaintiff for the attorney's fees and reasonable expenses Defendant incurred in obtaining her compliance with normal discovery practices, and deny Defendant's request to dismiss the case.

    I.    **BACKGROUND**

This lawsuit seeks unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").  ECF No. [8].  Plaintiff alleged she performed work for

Defendant as a "Dietary Manager" for approximately eighty (80) hours per week.  *Id.* at ¶¶8, 10.  She further alleged that Defendant did not pay her the proper overtime rate for hours worked in excess of forty (40), *id.* at ¶¶12-13, and that her unpaid overtime wages total $122,856.40 for the time period of May 10, 2011, to June 14, 2013, ECF No. [10].

## II. THE PRESENT DISCOVERY DISPUTE

Defendant served discovery requests (First Interrogatories, First Request for Admissions and First Request for Production) on Plaintiff on February 11, 2014.  Defendant alleges in the instant motion that Plaintiff's responses served on March 17, 2014, contained objections to a majority of the discovery requests, failed to answer a single request to admit and failed to provide responsive documents, answers or information.  ECF No. [17] at 1.  After defense counsel sent Plaintiff's counsel a letter to resolve the discovery dispute, Plaintiff served amended responses on March 25 and 26, 2014, to the interrogatories and requests to produce, but refused to change her position on the requests to admit.  *Id.* at 2.  After further attempts to resolve the discovery dispute, Defendant filed the instant motion on March 31, 2014.  In the motion, Defendant asserted that Plaintiff: (1) improperly answered all 27 Request for Admissions with, "Denied, as Phrased"; (2) failed to answer or satisfactorily answer Request for Production Nos. 8, 11-13 and 21; and (3) failed to satisfactorily answer Interrogatory No. 9.  *Id.* at 3-10.  Plaintiff responded to the motion on April 16, 2014, and noted therein that she had contemporaneously served amended responses to the requests to admit and provided additional documents responsive to Requests to Produce No. 13 such that Defendant's motion was moot as to those issues.  ECF No. [21] at 2.  Plaintiff's motion also provided substantive arguments as to why her responses to Requests to Produce Nos. 8, 11, 12 and 21, and Interrogatory No. 9, were sufficient.  *Id.* at 2-5.  In the reply brief filed April 23, 2014, Defendant argued that Plaintiff continues to improperly object to certain discovery

2

requests and withhold documents.   ECF No. [22].   Moreover, Defendant argued that Plaintiff's April 16, 2014 production of documents and non-denials to the requests to admit does not render the requested relief moot, but supports an award of sanctions; Defendant asserted that Plaintiff only complied with her obligations and duties under the applicable discovery rules *after* Defendant filed a motion to compel and for sanctions.   *Id.* at 9.   In addition, Defendant argued that the April 16, 2014 production by Plaintiff illustrates that her prior responses were false.   In response to Defendant's request to produce copies of all notes she prepared relating to her employment, Plaintiff originally answered, "None."   *Id.* at 2.   In the April 16, 2014 production, however, Plaintiff produced 88 pages of handwritten notes in response to that discovery request.   *Id.*   Plaintiff also answered, "None," when Defendant asked her to identify all court cases where she was named or appeared as a party while she worked for Defendant.   *Id.* at 6.   Defendant has since learned that Plaintiff was a party to an FLSA lawsuit against another employer during the time she worked for Defendant at issue in this case.   For these reasons, in the reply brief, Defendant asked the Court to dismiss the lawsuit as a sanction for Plaintiff's flagrant disregard for the Court and the discovery process.   *Id.* at 9.   In the alternative, Defendant seeks an award of attorney's fees and costs incurred in seeking to force Plaintiff to comply with her discovery obligations.   *Id.*

   At the hearing, Defendant argued that it was presently dissatisfied with only the responses to Request For Production Nos. 11, 12 and 16.   Request No. 16 was not raised in the motion or the Notice of Hearing, and therefore is not considered.   With respect to Requests Nos. 11 and 12, Defendant challenged Plaintiff's response that she had no personal emails sent or received during working hours and had no calendars.   Based upon the Plaintiff's discovery deficiencies, the undersigned ordered Plaintiff to provide Defendant with an affidavit on or before July 10, 2014, that details how she searched her

private email account and the results of that search, with respect to any emails she sent between October 28, 2010 and June 14, 2013, during the hours she claims to have worked. In addition, Defendant may obtain emails from the Plaintiff's email provider, if it is necessary to confirm whether such emails exist. Plaintiff's counsel shall be permitted to review emails from the provider so that only responsive emails are provided to the Defendant. In addition, the affidavit shall confirm that no calendars exist. If the attorney's review reveals additional documents, they shall be produced on or before July 10, 2014.

### III. THE REQUEST FOR SANCTIONS

Under Federal Rule of Civil Procedure 37(a)(3)(B), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Such a motion may be made if a party fails to answer an interrogatory submitted under Federal Rule of Civil Procedure 33 or fails to produce documents in accordance with Federal Rule of Civil Procedure 34. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv). A party may also move to determine the sufficiency of an answer or objection to a request to admit. Fed. R. Civ. P. 36(a)(6). If those motions are granted, or if the disclosure of the requested discovery is provided after the motion is filed, the Court "must" require the party whose conduct necessitated the motion, or the attorney advising the conduct, or both, to pay the movant's reasonable expenses incurred in making the motion, which includes attorney's fees. Fed. R. Civ. P. 37(a)(5)(A); and Fed. R. Civ. P. 36(a)(6)(noting that Rule 37(a)(5) applies to an award of expenses).

The record reflects that Defendant is entitled to the reasonable expenses it incurred in forcing Plaintiff's compliance with the applicable discovery rules. Plaintiff did not adequately amend her discovery responses until April 16, 2014, in response to and *after* Defendant filed the instant motion to compel those amendments. Rule 37(a)(5)(A)

**4**

mandates an award of expenses "if the disclosure or requested discovery is provided after the motion was filed." It is clear from the record and Plaintiff's response brief, that the motion to compel was the catalyst for the production of responsive documents and amended responses to the Requests to Admit. Plaintiff's response provides no explanation for why she failed to amend her answers to the Requests to Admit or provide documents responsive to Request to Produce No. 13 prior to April 16, 2014. Plaintiff has therefore not shown that she was substantially justified or that any other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(ii)-(iii). Accordingly, Defendant is awarded all reasonable attorney's fees and expenses associated with filing the motion to compel and reply brief, as well as the attorney's fees associated with Defendant's informal efforts to obtain Plaintiff's compliance with discovery after March 26, 2014. Defense counsel shall attempt to confer with Plaintiff in an effort to reach agreement regarding the amount of fees and costs reasonably incurred. Defendant shall file an appropriate motion for fees, consistent with the Local Rules, on or before **July 25, 2014**, setting forth the reasonable fees and costs incurred as a result of Plaintiff's failure to properly respond to Defendant's discovery requests.

The Court will, however, deny Defendant's motion to the extent that it seeks dismissal of this action for Plaintiff's discovery abuses. Because dismissal with prejudice is considered a drastic sanction, a court may only implement it as a last resort, when: (1) a party's failure to comply with a court order is a result of willfulness or bad faith, *see Bank Atlantic v. Blythe Eastman Paine Webber, Inc.*, 12 F.3d 1045, 1049 (11th Cir. 1994), and (2) the district court specifically finds that lesser sanctions would not suffice, *see Gratton v. Great Am. Communications*, 178 F.3d 1373, 1375 (11th Cir.1999). Here, the Court finds that a lesser sanction, the award of reasonable expenses or attorney's fees, is

appropriate and sufficient under the circumstances.   While the Court is concerned about the Plaintiff's lack of candor in answering some of the discovery requests, the conduct does not warrant the ultimate sanction - dismissal of this lawsuit.   Accordingly, it is

ORDERED AND ADJUDGED that Defendant's combined Motion to Compel and for Sanctions, ECF No. [17], is **GRANTED**, as set forth in the body of this Order, and Plaintiff shall pay the reasonable attorney's fees and expenses incurred by Defendant as set forth above.   The request to dismiss the Complaint as a sanction is **DENIED**.

DONE AND ORDERED in Miami, Florida, on June 26, 2014.

_____
**ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE**

**Copies furnished via CM/ECF to:**

    The Honorable Kathleen M. Williams
    Counsel of Record